IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

BONDARY McCALL,
REG. #43827-019                                                                                  PLAINTIFF

v.                                              2:09CV00026HLJ

TIMOTHY OUTLAW, et al.                                                              DEFENDANTS

ORDER

Plaintiff is a federal prisoner who has not filed a proper Application to Proceed In Forma Pauperis in order to commence a pro se Bivens civil rights action without prepayment of the $350.00 filing fee and costs.[1]

According to the Prison Litigation Reform Act (PLRA), **a prisoner who is allowed to file a civil action in forma pauperis still must pay the full amount of the $350 filing fee.** See 28 U.S.C. § 1915(b)(1). Furthermore, before docketing the complaint or, as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A. **If the case is dismissed for any of these reasons, there is no provision in the Act for a refund of any portion of the filing fee to the prisoner**.

Under the Act, in order for the Court to determine how the $350 filing fee will be paid, the prisoner is required to submit a calculation sheet prepared and executed by an authorized official of the incarcerating facility. This calculation sheet reflects the deposits and monthly balances in the inmate's

---

[1]Effective April, 2006, the statutory fee for filing civil complaints increased to $350.00.

trust account at the facility during the six-month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2). However, the Act also provides that **in no event shall a prisoner be prohibited from bringing a civil action because he "has no assets and no means by which to pay the initial partial filing fee."** 28 U.S.C. § 1915(b)(3).

IT IS THEREFORE ORDERED THAT Plaintiff must submit either the $350 statutory filing fee or an in forma pauperis application, with the required calculation sheet **signed by an authorized official of the prison**, within thirty (30) days of the entry date of this Order.[2]

IT IS FURTHER ORDERED that plaintiff submit an amended complaint within thirty days of the date of this Order, in which he specifically and clearly states the following: (1) the name of each individual personally involved in the actions at issue in the complaint; (2) how each individual was personally involved in those actions; and (3) how each individual violated the plaintiff's constitutional rights. Plaintiff must set forth specific facts concerning the allegations he has set forth including, where applicable, dates, times and places.

The Clerk is directed to send to Plaintiff an in forma pauperis application and calculation sheet.

DATED this 4th day of March, 2009.

*Henry L. Jones, Jr.*
UNITED STATES MAGISTRATE JUDGE

---

[2] The Plaintiff is hereby notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: ". . . If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."